Thomas M. Melton (4999)
meltont@sec.gov
Daniel J. Wadley (10358)
wadleyd@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
15 West South Temple, Suite 1800
Salt Lake City, Utah 84101
Telephone: (801) 524-5796
Facsimile: (801) 524-5262

```
                                         FILED
                              U.S. DISTRICT COURT

                              2011 DEC 22  P 1: 25

                              DISTRICT OF UTAH

                              BY:_____
                                   DEPUTY CLERK
```

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>       Plaintiff,<br><br>  v.<br><br>Raymond P. Morris, E & R Holdings, LLC, Wise Financial Holdings, LLC, Momentum Leasing, LLC, James L. Haley, Cornerstone Capital Fund, LLC, Vantage Point Capital, LLC, Jay J. Linford, Freedom Group, LLC, and Luc D. Nguyen,<br><br>       Defendants. | **CIVIL NO: 2:11-cv-00021**<br><br>**Judge Bruce S. Jenkins** |

## FINAL JUDGMENT AS TO DEFENDANT JAMES L. HALEY

The Securities and Exchange Commission (the "Commission") having filed a Complaint

and Defendant James L. Haley ("Defendant") having entered a general appearance; consented to

the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry

of this Final Judgment without admitting or denying the allegations of the Complaint (except as

to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and

Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and

Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national

securities exchange, in connection with the purchase or sale of any security:

    (a)       to employ any device, scheme, or artifice to defraud;

    (b)       to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)       to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities

Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the

use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or

3

instruments of transportation, any such security for the purpose of sale or for

delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in

interstate commerce or of the mails to offer to sell or offer to buy through the use

or medium of any prospectus or otherwise any security, unless a registration

statement has been filed with the Commission as to such security, or while the

registration statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination

under Section 8 of the Securities Act [15 U.S.C. § 77h].

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUGED, AND DECREED that, Defendant

and Defendant's agents, servants, employees, attorneys, and all persons in active concert or

participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section

15(a) of the Exchange Act [15 U.S.C. § 78o(a)] to use the mails or any means or instrumentality

of interstate commerce, directly or indirectly, to effect any transactions in, or to induce or attempt

to induce the purchase or sale of, any security unless defendant is registered in accordance with

Section 15(b) of the Exchange Act [15 U.S.C. § 78o(b)].

## V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

is liable for disgorgement of $700,000, representing profits gained as a result of the conduct

alleged in the Complaint, together with prejudgment interest thereon in the amount of

$176,892.80, for a total of $876,892.80.  Based on Defendant's sworn representations in his

Statement of Financial Condition dated June 8, 2011, and other documents and information

submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty

and payment of all of the disgorgement and pre-judgment interest thereon is waived.  Defendant

shall also pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The determination not to impose a civil penalty and to waive payment of all of the disgorgement

and pre-judgment interest is contingent upon the accuracy and completeness of Defendant's

Statement of Financial Condition.  If at any time following the entry of this Final Judgment the

Commission obtains information indicating that Defendant's representations to the Commission

concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or

incomplete in any material respect as of the time such representations were made, the

Commission may, at its sole discretion and without prior notice to Defendant, petition the Court

for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment

and post-judgment interest thereon, and the maximum civil penalty allowable under the law.  In

connection with any such petition, the only issue shall be whether the financial information

provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material

respect as of the time such representations were made.  In its petition, the Commission may move

this Court to consider all available remedies, including, but not limited to, ordering Defendant to

pay funds or assets, directing the forfeiture of any assets, or sanctions for contempt of this Final

Judgment.  The Commission may also request additional discovery.  Defendant may not, by way

of defense to such petition:  (1) challenge the validity of the Consent or this Final Judgment; (2)

contest the allegations in the Complaint filed by the Commission; (3) assert that payment of

disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered;

(4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest

the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to

liability or remedy, including, but not limited to, any statute of limitations defense.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 12\22\ , 2011

UNITED STATES DISTRICT JUDGE