Thomas M. Melton (4999)
Meltont@sec.gov
Daniel J. Wadley (10358)
Wadleyd@sec.gov
Attorneys for Plaintiff
Securities & Exchange Commission
15 West South Temple, Suite 1800
Salt Lake City, Utah 84101
Telephone: 801-524-5796
Facsimile: 801-524-5262

FILED
U.S. DISTRICT COURT

2012 MAR 21  A 10: 15

DISTRICT OF UTAH

BY:_____
         DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>PLAINTIFF,<br><br>v.<br><br>Raymond P. Morris, E & R Holdings, LLC, Wise Financial Holdings, LLC, Momentum Leasing, LLC, James L. Haley, Cornerstone Capital Fund, LLC, Vantage Point Capital, LLC, Jay J. Linford, Freedom Group, LLC, and Luc D. Nguyen,<br><br>DEFENDANTS. | (Proposed) **ORDER OF DEFAULT AND FINAL JUDGMENT AGAINST DEFENDANTS WISE FINANCIAL HOLDINGS, LLC MOMENTUM LEASING, LLC AND E & R HOLDINGS, LLC**<br><br>Civil No.: 2:11-CV-00021<br><br>Judge: Bruce S. Jenkins |

The Court having reviewed the Securities and Exchange Commission's ("Commission") Motion for Default and Final Judgment against Defendants Wise Financial Holdings, LLC ("Wise Financial"), Momentum Leasing, LLC ("Momentum") and E & R Holdings, LLC ("E & R Holdings), (collectively referred to as "Defendants") and good cause appearing makes the following findings of fact:

## STATEMENT OF FACTS

1. From March 2007 through September 2008, E & R Holdings, Wise Financial, and Momentum solicited investors through their sole owner Raymond P. Morris ("Morris") and raised at least $60 million. Docket No. 3, ¶¶ 1, 13-16, 23.

2. Defendants, through Morris, falsely stated in their solicitations that investors' principal would be placed into secured accounts and would only be used for "verification of deposit" purposes. Id. at ¶ 44.

3. Through the supposed verification process, Defendants falsely stated that private trade would be able to acquire large lines of credit from which they could pay high returns of 20% per month. Id. at ¶ 45.

4. In soliciting investments with these misstatements, Defendants', through Morris, made the material misrepresentation to investors that "their investment was free of risk." Id. at ¶ 47.

5. In addition, investors were provided with a Private Placement Memorandum ("PPM") for each respective entity. Id. at ¶ 50.

6. The PPM for E & R Holdings falsely states that it was formed to "engage in the business of investing, owning, holding, or trading in various traditional and alternative private debt and equity investment vehicles; real estate; and direct and indirect investment in commodities; and to engage in the business of providing real estate financing and private lending." Id. at ¶ 51.

7. The PPM for Wise Financial falsely states that it was in the business of "investing, owning, holding, or trading real estate . . . providing real estate financing and private lending; and provid[ing] private debt capital to businesses." Id. at ¶ 52.

8. The PPM for Momentum falsely states that it was formed to "engage in the business of leasing funds to establish international and domestic private trade institutions for verification of deposit purposes." Id. at ¶ 53. It further states that when the leased funds are verified, that "private traders are able to increase or obtain lines of credit with established institutional lenders for various business uses," including "trade credit, bridge loans, hard-money loans and high-rated bonds." Id. This PPM further explains that private traders may also "conduct commodities and day trading activities" and that Momentum conducts business through joint ventures with partners that "have long-standing relationships with established private traders." Id.

9. Contrary to the representations made in the E & R Holdings, Wise Financial, and Momentum PPMs, Morris did not use investor funds to invest in debt and equity vehicles, real estate commodities, or as leased funds for "verification of deposit." Instead, Morris used investor funds for personal expenses and to pay investor returns. Id. at ¶ 55-6

10. In addition, Morris *omitted* material information when soliciting investments, including failing to advise investors that he was using a portion of investor principal for personal use. Id.

11. In April 2008, Morris stopped making regular interest payments to investors. Morris made material misrepresentations to investors, including that Homeland Security had frozen the accounts, that a large Ponzi scheme had caused banks to freeze all funds they held, and that typographical errors in wire request forms had caused delays. Id. at ¶ 87.

12. When investors complained and threatened to go to the Commission and other government agencies. Morris disseminated phony bank statements falsely assuring investors that he had over $200 million deposited with Wachovia Bank. Id. at ¶ 89-90.

13. In the course of this fraudulent conduct, E & R Holdings fraudulently received $7,429,050.00 in investments from investors. Wise Financial fraudulently received $33,770,000.73, and Momentum received $23,862,858.71, for a total of $65,061,909.44. Id.

14. Many investors lost their entire savings to the Defendants' Ponzi scheme. Some investors had even taken out loans to invest into the scheme, are now indebted beyond their ability to repay their lenders. Docket No. 3 at ¶ 42.

15. The prejudgment interest on the amount of $65,061,909.00 is $17,731,048.05. This amount is calculated by compounding the disgorgement amount quarterly with interest rates established by the IRS as the proper rates for that period in time.

16. The Commission filed a Complaint against Defendants on January 6, 2011. Docket No. 3.

17. On January 11, 2011, Defendants were served with the Summons and the Complaint filed by the Commission in this action. Docket Nos. 13-15.

18. Copies of the affidavits of service were provided to the Court. Id.

19. On July 8, 2011, the Clerk of the Court entered a default certificate against E & R Holdings, Wise Financial, and Momentum. Docket No. 45.

20. The Defendants are all business entities and are not infants or incompetents.

21. To date, E& R Holdings, Wise Financial, and Momentum have all failed to file a response to the allegations contained in the Commission's January 6, 2011 Complaint.

It appearing that the Court has personal jurisdiction over the Defendants and subject matter and there being no just reason for delay:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any

security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants and Defendants' agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

 (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

 (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or

        instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are, jointly and severally, liable for disgorgement of $65,061,909.00, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $17,731,048.05, for a total of $82,792,957.05. Defendants shall satisfy this obligation by paying $82,792,957.05 within 14 days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Wise Financial Holdings, LLC, Momentum Leasing, LLC and E & R Holdings, LLC as defendants in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendants shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendants. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment

System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Wise Financial shall pay a civil penalty in the amount of $ 650,000 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. Wise Financial shall make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Wise Financial Holdings, LLC as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Momentum shall pay a civil penalty in the amount of $650,000 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. Momentum shall make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Momentum Leasing, LLC as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that E & R Holdings shall pay a civil penalty in the amount of $650,000 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. E & R Holdings shall make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying E & R Holdings, LLC as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is

made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order of Default and Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to Order of Default and Final Judgment forthwith and without further notice.

Dated: 3/20/12

UNITED STATES DISTRICT JUDGE