Thomas M. Melton (4999)
Meltont@sec.gov
Daniel J. Wadley (10358)
Wadleyd@sec.gov
Attorneys for Plaintiff
Securities & Exchange Commission
15 West South Temple, Suite 1800
Salt Lake City, Utah 84101
Telephone: 801-524-5796
Facsimile: 801-524-5262

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> PLAINTIFF, <br><br> v. <br><br> Raymond P. Morris, E & R Holdings, LLC, Wise Financial Holdings, LLC, Momentum Leasing, LLC, James L. Haley, Cornerstone Capital Fund, LLC, Vantage Point Capital, LLC, Jay J. Linford, Freedom Group, LLC, and Luc D. Nguyen, <br><br> DEFENDANTS. | (~~Proposed~~) **ORDER OF DEFAULT AND FINAL JUDGMENT AGAINST DEFENDANT FREEDOM GROUP, LLC** <br><br><br> Civil No.: 2:11-CV-00021 <br><br> Judge: Bruce S. Jenkins |

The Court having reviewed the Securities and Exchange Commission ("Commission") Motion for Default and Final Judgment against Defendant Freedom Group, LLC ("Freedom Group" and "Defendant") and good cause appearing makes the following findings of fact:

### STATEMENT OF FACTS

1. Freedom Group, through Jay J. Linford ("Linford"), solicited investment money from investors from at least August 2008 until March 2009. Docket No. 3 ¶¶ 6, 22.

2. Freedom Group misrepresented to investors that their funds would be placed into a secure account where they could not be removed. Id. at ¶ 81. The secured accounts were claimed to solely be under Linford's control. Id. at ¶ 82.

3. In fact, all of the investment funds were being wire transferred to accounts under the control of Raymond P. Morris, a co-defendant in this case. Id. at ¶ 83. Neither Freedom Group, nor Linford himself, had any authority to verify what was being done with investor funds once they were deposited into Morris's account. Id.

4. Linford claimed that the Fund paid returns as high as 100% in seven days with "no risk" to investor principal. Id. at 41.

5. In April 2008, payments stopped being sent to investors. Id. at ¶ 87.

6. In the course of this fraudulent conduct, Freedom Group fraudulently received $8,779,096 in investments from investors.

7. The prejudgment interest on the amount of $8,779,096 totals to $2,174,067.00. This amount is calculated by compounding the disgorgement amount quarterly with interest rates established by the IRS as the proper rates for that period in time.

8. The Commission filed a Complaint against the Defendant on January 6, 2011. Docket No. 3.

9. On January 11, 2011, the Defendant was served with the Summons and the Complaint filed by the Commission in this action. Docket No. 10.

10. Copies of the affidavits of service were provided to the Court. Id.

11. On May 3, 2011, the Clerk of the Court entered a default certificate against Freedom Group. Docket No. 31.

12. The Defendant is a business entity and is not an infant or incompetent.

13. To date Freedom Group has failed to file a response to the allegations contained in the Commission's January 6, 2011 Complaint.

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the

use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or

    instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $8,779,096, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,174,067.00, for a total of $10,953,163. Defendant shall satisfy this obligation by paying $10,953,163 within 14 days after entry of this Final Judgment to the Clerk of this Court, together with a cover letter identifying Freedom Group as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendants. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and

income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may propose a plan to distribute the Fund subject to the Court's approval. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Freedom Group shall pay a civil penalty in the amount of $650,000 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. Freedom Group shall make this payment within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, 100 F Street, NE, Stop 6042, Washington DC 20549, and shall be accompanied by a letter identifying Freedom Group, LLC, as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order of Default and Final Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to Order of Default and Final Judgment forthwith and without further notice.

Dated: 3/20/12

_____
UNITED STATES DISTRICT JUDGE